**IN THE UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA, for the use and benefit of UNIVERSAL SERVICES, LLC** | ) | |
| **Plaintiff,** | ) | |
| **vs.** | ) | **Case No. _______________** |
| **UNITED STATES FIRE INSURANCE COMPANY** | ) | |
| **Defendant.** | ) | |

## COMPLAINT

The Plaintiff, UNITED STATES OF AMERICA, for the use and benefit of UNIVERSAL SERVICES, LLC ("Universal"), by and through its undersigned counsel, sues the Defendant, UNITED STATES FIRE INSURANCE COMPANY ("US Fire" or "Surety"), and alleges as follows:

## JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 in that this is a civil action arising under the Miller Act, 40 U.S.C. § 3133, by a subcontractor, to recover damages against payment bonds issued by the Surety for a general contractor performing construction work at a Federal Government facility.

2. Plaintiff Universal is a limited liability company organized under the laws of the state of Mississippi and located at 1241 Highway 63 North, Leakesville, Mississippi, 39451. The only two members of Universal are Lana Dobbins and Ryan Dobbins, who are both citizens of the state of Mississippi.

3. Defendant US Fire is a Delaware corporation, authorized to conduct surety business in Alabama, with a listed principal office address located at 1209 N. Orange Street, Wilmington, Delaware, 19801-1120 and a mailing address of PO Box 1973, Morristown, New Jersey, 07962-1973.

4. Venue is proper in this judicial district pursuant to 40 U.S.C. § 3133(b)(3)(B) because the Federal Government facility to which the labor and materials were supplied is located at the Fort Rucker United States Army Post located in Dale, Geneva and Houston counties, Alabama.

**BOND CLAIMS OF UNIVERSAL**

5. Healtheon, Inc. ("Healtheon") entered into a prime contract with the USACE Mobile District to provide repairs to the Building 4511 located at Fort Rucker in Alabama (the "Building 4511 Project"). The prime contract between Healtheon and the Federal Government for the Building 4511 Project exceeded the sum of $100,000.

6. In addition, Healtheon entered into another prime contract with the USACE Mobile District to provide repairs to Barracks Buildings 6105 & 6106 located at Fort Rucker in Alabama (the "Barracks Project"). The prime contract between Healtheon and the Federal Government for the Barracks Project exceeded the sum of $100,000.

7. As required by the Miller Act, Healtheon procured Payment Bonds for the Building 4511 Project and the Barracks Project. Specifically, Healtheon procured a Payment Bond bearing Bond No. 613103967 for the Building 4511 Project and a Payment Bond bearing Bond No. 613103972 for the Barracks Project (hereafter collectively, the "Bonds") from the Surety to guarantee payment to all persons supplying labor and materials in the prosecution of the work provided for in the prime contracts, including Universal.

8. To perform its prime contract under the Building 4511 Project, Healtheon entered into a subcontract agreement with Universal with an effective date of October 31, 2023 (Healtheon Subcontract No. 2212-004, hereafter the "Universal Building 4511 Contract."). A copy of the Universal Building 4511 Contract is attached hereto as Exhibit A. Pursuant to the Universal Building 4511 Contract, Universal agreed to provide mechanical, electrical, and plumbing materials and labor for the Building 4511 Project.

9. The fixed price to be paid Universal for the original work scope provided for in the Universal Building 4511 Contract was $748,994.09.

10. To perform its prime contract under the Barracks Project, Healtheon entered into a subcontract agreement with Universal with an effective date of September 30, 2024 (Healtheon Subcontract No. 2216-001, hereafter the "Universal Barracks Contract."). A copy of the Universal Barracks Contract is attached hereto as Exhibit B. Pursuant to the Universal Barracks Contract, Universal agreed to provide mechanical, electrical, and plumbing materials and labor for the Barracks Project.

11. The fixed price to be paid Universal for the original work scope provided for in the Universal Barracks Contract was $5,282,516.00.

12. Healtheon has failed to pay Universal for all labor and materials provided by Universal to the Building 4511 Project and used in prosecution of Healtheon's prime contract. Specifically, Universal is owed the sum of $42,895.21 (the "Building 4511 Contract Balance") for all such labor and materials that Universal provided to the Building 4511 Project for which it has not been paid.

13. Healtheon has likewise failed to pay Universal for all labor and materials provided by Universal to the Barracks Project and used in prosecution of Healtheon's prime contract.

Specifically, Universal is owed the sum of $211,837.88 (the "Barracks Contract Balance") for all such labor and materials that Universal provided to the Barracks Project for which it has not been paid.

14. Universal continued providing labor and materials to the Building 4511 Project through approximately September 27, 2025; accordingly, more than 90 days have passed since Universal last supplied labor and materials to the Building 4511 Project.

15. Universal continued providing labor and materials to the Barracks Project through approximately August 28, 2025; accordingly, more than 90 days have passed since Universal last supplied labor and materials to the Barracks Project.

16. All conditions precedent for the bringing and maintenance of this action have been performed or have occurred, and therefore Universal is entitled to recover the Building 4511 Contract Balance and the Barracks Contract Balance from US Fire under the Bonds that respectively secure payment of those contracts.

WHEREFORE, Plaintiff, UNITED STATES OF AMERICA, for the use and benefit of UNIVERSAL SERVICES, LLC requests judgment against Defendant UNITED STATES FIRE INSURANCE COMPANY as follows:

(i) For the sum of $42,895.21 representing the Building 4511 Contract Balance owed Universal for labor and materials provided in prosecution of the prime contract for which Universal has not been paid;

(ii) For the sum of $211,837.88 representing the Barracks Contract Balance owed Universal for labor and materials provided in prosecution of the prime contract for which Universal has not been paid;

(iii) For attorneys' fees in accordance with the Universal Building 4511 Contract and the Universal Barracks Contract;

(iv) For legal interest as allowed by applicable law;

(v) For costs of this action; and

(vi) For such other and further relief as the court deems just and proper.

Respectfully submitted this 20th day of August, 2026.

*/s/ Gabriel J. Quistorff*
Gabriel J. Quistorff
BALCH & BINGHAM LLP
1901 Sixth Avenue North, Suite 1500
Birmingham, AL 35203
Telephone: (205) 251-8100
Facsimile: (205) 226-8799
Email: gquistorff@balch.com

*Attorney for Plaintiff*

**Plaintiff intends to perfect service of the Complaint and Summons on Defendant by personal delivery in accordance with Rule 4(h) of the Federal Rules of Civil Procedure upon the following:**

United States Fire Insurance Company
c/o Alabama Commissioner of Insurance, its Designated Agent
201 Monroe Street, Suite 1700
Montgomery, Alabama 36104